PHILIP J. KAPLAN  (State Bar No. 135735)
**LAW OFFICES OF PHILIP J. KAPLAN**
Email:  philipkaplan@ca.rr.com
3278 Wilshire Blvd., Suite 106
Los Angeles, California 90010
Telephone:  (213) 480-8981
Facsimile:    (213) 480-8941

Attorney for Plaintiff
SEMHAR GIRMAY AMHA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMHAR GIRMAY AMHA, an individual, | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECT. 1983** |
| CITY OF LOS ANGELES, a Municipal Corporation; CHARLIE BECK, Chief of Police, in his individual and official capacities; and DOES 1 to 5, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff (hereinafter "Plaintiff") hereby alleges as follows:

## PARTIES

1.      Plaintiff alleges that defendant City of Los Angeles (hereinafter sometimes "CITY") is, and at all material times was, a Municipal Corporation, providing law enforcement to CITY through the Los Angeles Police Department (hereinafter sometimes "DEPARTMENT" or "LAPD").

2.      Plaintiff alleges that CITY is a "person" within the meaning of 42 U.S.C. Section 1983.

3.      Plaintiff is informed and believes and thereon alleges that defendant CHARLIE BECK (hereinafter sometimes "BECK") was, at all relevant times was, a policy-making official of the CITY and DEPARTMENT, holding the rank and title of "Chief of Police".  Defendant BECK was, at all material times was, the individual charged with the duty and granted the authority to render final decisions regarding personnel assignments, including without limitation the deployment of police officers in response to public gatherings and demonstrations and the scope given to such officers for their powers to detain and/or arrest.  Further, Plaintiff is informed and believes, BECK is a final policymaker concerning the operation of LAPD jails and the conditions under which individuals are confined.  Defendant BECK is sued herein in both his official and individual capacity.

4.      Plaintiff is ignorant of the true names and capacities of defendants DOES 1-5, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were caused by such defendants.

5.      Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and, in doing the things hereinafter alleged, each was acting within the scope of such agency.

## JURISDICTION/VENUE

6.      Jurisdiction of this court is founded upon 28 U.S.C. § 1331 and 42 U.S.C. Section 1983.  This court has jurisdiction over the state law claims pursuant to Pendent Jurisdiction.  Venue is proper in this judicial district because the acts and conduct violating applicable laws and constitutional rights

occurred in this district; and/or each defendant conducts its/his/her affairs in, or is an inhabitant of, resides in, is found in, or has an agent in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Wrongful Detention/Arrest

7.      The incident in suit occurred on or about November 25, 2014, at approximately Midnight and continued into the following day, November 26, 2014.  Thanksgiving, that year, was Thursday, November 27.

8.      On the evening of the incident, Plaintiff was returning to her apartment from a workout from the gym.  She lived in the vicinity of the intersection of Broadway and Temple Streets, in downtown Los Angeles.

9.      On her way home, Plaintiff noticed a gathering of (mostly) young people, to see what was going on.  Plaintiff was told that people were protesting police abuse and, in particular, excessive force, in response to events in Ferguson, Missouri ("Ferguson demonstration").

10.      After observing this demonstration for a short period, Plaintiff began to make her way back to her apartment (which was 2/3 blocks away).

11.      However, Plaintiff's trip home was soon intercepted and blocked by LAPD officers.  She and others (some of them were onlookers, like Plaintiff) were surrounded by a perimeter of a large phalanx of LAPD officers.

12.      Prior to this time, Plaintiff is informed and believes and thereon alleges, no order to disperse was given to the demonstrators and/or to any other citizen in that vicinity.

13.      When Plaintiff attempted to walk home, she was told by police officers that she was not permitted to go.  An officer approached Plaintiff, after which Plaintiff attempted to explain that she had come from the gym (showing her gym clothes that she wore, complete with headband) and that she lived a few blocks away (by showing her ID).  Plaintiff alleges that the officer refused to listen to Plaintiff's explanation of why she was there, who she was, and where she wanted to go.

14.     Instead, Plaintiff, and others, were all rounded up and taken to a location where they were held for approximately four (4) hours.  At some stage, buses arrived and, then, Plaintiff and other individuals were zip-tied, with hands behind their backs.  Plaintiff and others were, then, loaded onto buses and transported out of downtown Los Angeles.  Plaintiff was never told why she was placed on the bus or where she was going.

15.     Plaintiff is informed and believes that there were approximately 120 people handcuffed (zip-tied) and loaded onto buses. Plaintiff is further informed and believes that many of these individuals were college-age students.  Some of them, Plaintiff is informed and believes, were college kids coming home for Thanksgiving (to be celebrated a few days later).

**B.  Incarceration/Conditions of Confinement**

16.     After spending a period of time on a bus, Plaintiff was transported to a jail.  Plaintiff is informed and believes that she was transported to the Van Nuys Jail, 6240 Sylmar Avenue, Van Nuys, California ("LAPD Jail").

17.     After arriving at the jail, Plaintiff and others were required to hand over their cell-phones, wallets, shoelaces, and other personal effects. Plaintiff and others then proceeded to give mug shots, were fingerprinted, and were required to fill out paperwork.

18.     Plaintiff was not told what the charges were, if any.  Further Plaintiff was not given a clear indication of how long she would be held.  At one point, an officer advised that Plaintiff could expect to spend at least five (5) days, i.e., through the Thanksgiving Holiday.

19.     During the above procedure, which Plaintiff is informed and believes constituted a "booking", Plaintiff is informed, believes, and alleges that LAPD officers engaged in abusive, malicious conduct, as more fully set forth herein.  This included verbal comments by various LAPD officers, including without limitation the following:  "Your degrees [college] don't matter here!"

"I guess no Instagram or Twitter tonight."  "You wanted to play the game – this is how WE play the game."  "You're going to spend the holidays with us, over the weekend."

20.     Eventually, Plaintiff was taken to a cell with approximately nine (9) other people.  There was bedding and a toilet.

21.     During her incarceration, Plaintiff was menstruating.  She asked officers for sanitary napkins.  Blood was visible on Plaintiff's pants.  Plaintiff's requests were ignored.  Instead, a female officer told Plaintiff to, simply, use the toilet and toilet paper.

22.     After approximately seventeen (17) hours, Plaintiff is informed and believes, she was allowed to bail out.

23.     Months later, Plaintiff and others were summoned to Criminal Court.  Plaintiff was charged with, on information and belief, Disturbing the Peace under Cal. Penal Code Sect. 415.  However, despite the summons, Plaintiff is informed, believes, and alleges that no criminal charges were filed on that date.

### FIRST CAUSE OF ACTION

**(Violations under 42 U.S.C. § 1983:  Fourth/Fourteenth Amendments – False Arrest & False Imprisonment)**

24.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

25.     Plaintiff alleges that she possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and false arrests.  Plaintiff further alleges that Defendants herein had knowledge of the above rights under the Constitution.

26.     Plaintiff alleges that there was no probable cause to detain and/or arrest her and no factual and/or legal justification for Defendants' actions.  Specifically, Plaintiff alleges that she posed no danger to public safety at any time.

27.     Plaintiff alleges that the actions taken by Defendants, and each of them, were not objectively reasonable in light of the legal rules clearly established at the time, as more fully set forth below.  Further, on information and belief, Plaintiff alleges that Defendant BECK was involved in the decision of mass arrests of individuals participating in or in the vicinity of the "Ferguson demonstration" and/or approved, ratified, and acquiesced in the false arrest and false imprisonment of Plaintiff and others.

28.     Defendants, and each of them, without just and legal cause, violated Plaintiff's clearly established rights under the laws and Constitution of the United States.  Plaintiff was falsely detained, arrested, and imprisoned.

29.     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered general, special, and economic damages, including without limitation pain and suffering, mental anguish, and loss of enjoyment of life in an amount according to proof.

30.     Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. Section 1988.

31.     Plaintiff is informed and believes and thereon alleges that the above-described acts of Defendants depriving Plaintiff of her constitutionally protected rights, privileges and immunities were done with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights.  Accordingly, Plaintiff seeks an award of punitive damages in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Due Process – Conditions of Confinement)

32.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

33.     Plaintiff alleges that she possessed the right, guaranteed by the Fourteenth Amendment of the United States Constitution, to not be deprived of life, liberty, or property without due process of law.

34.     Plaintiff was, at all material times, a pretrial detainee.

35.     Plaintiff alleges that there is an explicit policy or restriction regarding conditions at the LAPD Jail, including without limitation the intent to harass, demean, and humiliate certain detainees – particularly, those who question the tactics of the LAPD and/or other police departments.

36.     Plaintiff alleges that, in denying Plaintiff basic sanitation, Defendants intended to harass and humiliate an individual whom they perceived to have questioned their authority and whom they believed questioned the good faith and tactics of other police departments, by presumably joining in the Ferguson demonstration.

37.     Plaintiff alleges that the LAPD Jail conditions stem from a pervasive pattern of deficiencies that have no legitimate penological or administrative goal.

38.     As a direct and proximate result of these deficiencies, Plaintiff has suffered and continues to suffer damages according to proof, as more fully set forth herein.

39.     Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

40.     Plaintiff is informed and believes and thereon alleges that the above-described acts of Defendants depriving Plaintiff of her constitutionally protected rights, privileges and immunities were done with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights.  Accordingly, Plaintiff seeks an award of punitive damages in an amount according to proof.

## THIRD CAUSE OF ACTION

### (California State Law Claim for False Imprisonment)

41.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

42.     Defendants intentionally deprived Plaintiff of her freedom of movement by use of physical barriers, force, threats of force, menace, and unreasonable duress.

43.     The restraint/confinement compelled Plaintiff for periods of time:  first, Plaintiff was held against her will for approximately four (4) hours before being zip-tied and carried off in a bus; secondly, Plaintiff was held against her will at the LAPD Jail for approximately seventeen (17) hours.

44.     Plaintiff did not knowingly or voluntarily consent.

45.     Plaintiff was actually harmed.

46.     Defendants' conduct was a substantial factor in causing harm.

47.     As a direct and proximate result, Plaintiff has suffered and continues to suffer damages according to proof, as more fully set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory damages (both special and general damages) according to proof; and

2.     For punitive damages in an amount according to proof.

3.     For attorney's fees pursuant to 42 U.S.C. Section 1988, California Government Code Section 800, California Code of Civil Procedure Section 1021.5, and as otherwise permitted under law;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as this court may deem just and proper.


DATED: January 11, 2016     LAW OFFICES OF PHILIP J. KAPLAN


By _____
         Philip J. Kaplan
         Attorney for Plaintiff
         SEMHAR GIRMAY AMHA

-8-

## Demand For Jury Trial

Plaintiff hereby demands a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rule 38.

DATED: January 11, 2016    LAW OFFICES OF PHILIP J. KAPLAN


By_____
        Philip J. Kaplan
        Attorney for Plaintiff
        SEMHAR GIRMAY AMHA