**LAW OFFICES OF PHILIP J. KAPLAN**
**Philip J. Kaplan (SBN 135735)**
3278 Wilshire Blvd., Ste 106
Los Angeles, CA 90010
philipkaplan@ca.rr.com
Tel: (213) 480-8981

Attorneys for Plaintiff, Semhar Girmay Amha

**MICHAEL N. FEUER, CITY ATTORNEY (SBN 111529x)**
**THOMAS H. PETERS, CHIEF ASSISTANT CITY ATTORNEY**
**CORY M. BRENTE, SUPERVISING ASSISTANT CITY ATTORNEY**
**CRAIG J. MILLER, DEPUTY CITY ATTORNEY (SBN 138302)**
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Email: Craig.miller@lacity.org
Tel: (213) 978-8722   Fax: (213) 978-8785

ATTORNEYS FOR DEFENDANT CITY OF LOS ANGELES and CHARLIE BECK

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMHAR GIRMAY AMAH, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a Municipal Corporation; CHARLIE BECK Chief of Police, in his individual and official capacities; and DOES 1 through 5, inclusive,<br><br>         Defendants. | Case No.: CV 16-00216 FMO (AFMx)<br>Honorable Judge: Fernando M. Olguin<br>Honorable Magistrate Judge: Alexander F. Mackinnon<br><br>**JOINT RULE 26(f) REPORT**<br><br>DATE:   June 23, 2016<br>TIME:   10:00 a.m.<br>COURT: 22 |

Plaintiff Semhar Girmay Amha ("Plaintiff") and Defendants City of Los

Angeles and Charlie Beck (hereinafter sometimes, collectively, "Defendants") by and

1

through their counsel meet and conferred on various dates and hereby submit this Joint Rule 26(f) Report:

Initial note, there are three federal lawsuits filed stemming from the protests regarding a grand jury's decision to not indict a police officer in the shooting death of Michael Brown in Ferguson, Mo. There is a putative class action captioned *Chua v. City of LA* et al Cv 16-00237 JAK (GJSx). There is this case and a case captioned Belay v. City of LA, CV 16-01187 JAK (GJSx). The Chua case alleges events occurring on November 26 and November 28, 2014 occurring at Hope and Flower Streets and Temple and Alvarado. Belay and this case allege arrests occurring at the intersection of Broadway and Temple on November 26, 2014.

### A. Statement of the Case and Legal Claims

#### 1. Plaintiff's statement

Plaintiff was returning home from the gym one evening in late November 2014 (a few days before Thanksgiving) in downtown Los Angeles, when she was surrounded by Los Angeles Police Department officers, not permitted to leave, taken into custody, and, thereafter, incarcerated in an LAPD Jail in Van Nuys, California. During this ordeal, which lasted approximately seventeen (17) hours, Plaintiff contends that she was the victim of verbal assaults and taunts by LAPD officers ("Your college degrees don't matter here!") and, while incarcerated, she contends that LAPD officers denied her the use of sanitary napkins. Plaintiff contends

that she was the victim of a planned assault by the LAPD upon demonstrators speaking out on the Ferguson, Missouri incident. As a result, Plaintiff contends that she was wrongfully arrested, in violation of her Civil Rights under the Fourth and Fourteenth Amendments of the Constitution, that her Due Process rights were violated by her conditions of confinement, and that she was falsely imprisoned, under California State law.

## 2. **Defendants' statement**

During the period of November 24 -28, 2014, there were several protest marches and demonstrations in many parts of the City of Los Angeles regarding the decision of a grand jury in the state of Missouri's to not indict the officer who shot Michael Brown in Ferguson, Mo. The protests started peacefully and eventually led to protestors walking in the streets, picking up barricades and persons entering onto the 110 freeway and stopping traffic. As the protests became more unruly LAPD changed its tactics.

As Defendants understand this incident, Plaintiff was arrested at the intersection of Temple and Broadway in downtown LA, in the early hours of November 26, 2014. It is believed that Plaintiff was part of a group of demonstrators who sat in the roadway and blocked the intersection. Plaintiff was believed to be in the company of Tizita Belay and Lensa Ahmed (aka Delombera Ahma). Ms. Belay and Ahmed are plaintiffs

in a separate lawsuit case number CV-16-01187 JAK (GJSx).[1] Plaintiff was arrested and placed upon a bus and taken to jail. She was released the next day.

### B. Subject Matter Jurisdiction

Jurisdiction is under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The Court has pendent jurisdiction over Plaintiff's False Imprisonment claim.

### C. Legal Issues

Plaintiff's First of Cause of Action is for her claim of wrongful arrest/unlawful seizure, pursuant to the Fourth and Fourteenth Amendments. Plaintiff's Second Cause of Action is a conditions of confinement claim, pursuant to the Due Process clause. Her Third Cause of Action is a False Imprisonment claim, under California state law.

Defendants contend the arrest was lawful and that any claim regarding the arrest would be subject to 4th amendment standards. If there exists a viable state tort claim, the applicable law and facts would be the same as the Federal claims. Defendants have inadequate information at this point to determine which confinement standards may apply (such as 4th, 8th or 14th amendments.) To the extent claims against individual officers may exist, the officers would assert qualified immunity.

///

---

[1] A scheduling conference was held in the Belay case on May 9, 2016. The case is set for trial on June 20, 2017.

**D.     Parties/Evidence/Etc.**

**(i)     Plaintiff's Witnesses/Evidence**

Plaintiff is Semhar Girmay Amha.

At this time, Ms. Amha has identified the following witnesses:

1.     Plaintiff

2.     Delombera Amha

3.     Tizita Belay

4.     Bilen Ayan

5.     Charlie Beck

6.     Unidentified LAPD Command Staff and Officers

At this time, Ms. Amha has identified the following documents (which are not in Ms. Amha's custody or control) which she believes may be key documents:

1.     Booking documents (if any)

2.     Incident Reports (if any)

3.     All radio transmissions to and from all officers on scene and transcripts of such reports (if any)

4.     Any and all photographs and/or video regarding the incident in suit

5.     All evidence seized by the LAPD

6.     Any and all evidence logs (if any)

7.     Charging documents

8. All LAPD orders given regarding the mass arrest on or about November 25, 2014.

9. All communications between the LAPD and the City Attorney's Officer concerning the arrest of Plaintiff and others (in connection with the mass arrest in suit on or about November 25, 2014).

10. All internal affairs investigations regarding the incident in suit.

11. All citizen complaints regarding the incident in suit.

**(ii)   Defendants' Witnesses/Evidence**

**Witnesses**

a) Plaintiff

b) Tizita Belay

c) Lensa Ahmed, believed to be Delombera Ahma

d) Bilen Ahmed

e) LAPD Commander Jeff Bert

f) Det. Bravo

g) Officer Bermudez #38368

h) Officer Hernandez #38278

**Documents**

1) Mass arrest report for Temple and Broadway

2) Individual booking and face sheets for arrest of Amha.

3) Public Video from You Tube, taken by or posted by "Loudlab" around the 33- 34 minute mark of the video.

### E. Insurance

Defendant City is permissibly self-insured.

### F. Magistrate Judge

Plaintiff will consent to a Magistrate Judge.

Defendants would consider consenting to a Magistrate Judge, if the matter does not end up coordinated or consolidated with Belay vs. City of LA CV-16-01187 JAK (GJSx).

### G. Discovery

The parties propose the following discovery cut-off dates:

All non-expert discovery:		March 6, 2017

Initial Expert disclosure:		 March 20, 2017

Rebuttal Expert Disclosure:		April 3, 2017

Expert Discovery Cut-off:		 April 21, 2017

### H. Motions

Plaintiff reserves the right to amend the Complaint to add claims and/or parties.

Defendants request the court set a date, such as August 1, 2016, as the last date to amend the complaint and/or add parties.

///

7

**I.     Class Certification**

N/A

**J.     Motions**

Plaintiff does not intend to file any dispositive motions.

Defendants are still considering the viability of a dispositive motion.

The parties suggest a last date by which dispositive motions are to be heard as April 3, 2017.

**K.     Settlement/ADR**

The parties have been ordered to contact Judge Standish to schedule a settlement conference. Rec. doc. 18. The last date to complete the conference in the Belay case was ordered to be March 13, 2017.

**L.     Pre-Trial Conference/Trial**

Pre-Trial – June 5, 2017 same date as the Belay case.

Trial –     June 20, 2017 which is the same date as the Belay case.

**M.     Trial Estimate**

Plaintiff requests a jury and estimates a three (3) day trial. Plaintiff estimates calling at least ten (10) witnesses.

Defendants believe the case can be tried in the typical 4 days for a Federal Civil Rights case in the Central District.

///

### N. Trial Counsel

Plaintiff will be represented by Philip J. Kaplan, Esq., 3278 Wilshire Blvd., Suite 106, Los Angeles, CA 90010.

Defendants will be represented by Deputy City Attorney Craig Miller and perhaps other members of the City Attorney's office.

### O. Independent Expert or Master

The parties do not anticipate the need for an independent expert.

### P. Other Issues

The parties believe that this matter should be consolidated, for discovery purposes only, with the civil matter entitled *Belay et al v. City of LA*.

Defendants contend there may come a time to consolidate this case for all purposes with the *Belay* case.

DATE: June 9, 2016           MICHAEL N. FEUER, CITY ATTORNEY

BY:___/S/ - *Craig J. Miller*_____
**CRAIG J. MILLER, DEPUTY CITY ATTORNEY**
**ATTORNEYS FOR DEFENDANT CITY OF LOS ANGELES**

DATE: June 9, 2016

**LAW OFFICES OF PHILIP J. KAPLAN**

BY:___/S/ - *Philip J. Kaplan*_____
**PHILIP J. KAPLAN, ESQ.**
**Attorney for Plaintiff, Semhar Girmay Amah**